UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN OVERSEAS PROJECT MANAGEMENT LLC,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF CHILDREN YOUTH AND FAMILIES,<br><br>　　　　　　　Defendant. | CASE NO. 3:25-cv-05491-DGE<br><br>ORDER ON DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 8) |

Defendant Washington State Department of Children Youth and Family Services' ("DCYF") seeks dismissal of Plaintiff's 42 U.S.C. § 1983 claim. (Dkt. No. 8.) Plaintiff does not dispute DCYF's argument and requests the Court dismiss the § 1983 claim. (Dkt. No. 11 at 6.) Accordingly, Plaintiff's § 1983 claim against DCYF is DISMISSED.

Notwithstanding, Plaintiff requests the Court grant leave to amend its complaint (Dkt. No. 11 at 4–6), which DCYF opposes (*see* Dkt. No. 13). DCYF asserts leave to amend is

inappropriate because Plaintiff has previously amended its complaint, knew of the alleged actors it now wishes to add, and has failed to file a new proposed amended complaint.

"Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend." *Baghikian v. Providence Health & Servs.*, 715 F. Supp. 3d 1265, 1271 (C.D. Cal. 2024). Federal Rule of Civil Procedure 15(a) provides leave to amend should be "freely granted" when justice requires. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court should grant leave to amend unless amendment would be futile. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). "Amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim." *Volungis v. Liberty Mut. Fire Ins. Co.*, 808 F. App'x 414, 417 (9th Cir. 2020).

Plaintiff requests leave to assert a § 1983 claim against DCYF employees in their individual and official capacities. (Dkt. No. 11 at 4–6.) "To establish a § 1983 equal protection violation, the plaintiffs must show that the defendants, acting under color of state law, discriminated against them as members of an identifiable class and that the discrimination was intentional." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003). Here, Plaintiff's operative complaint alleges "DCYF discriminated, and treated, Mr. Abraham, Mr. Finley, Ms. Bannister, Ms. Getachew, and Mr. Bannister, differently" because they are African American. (Dkt. No. 1-1 at 6.) The complaint identifies the allegedly discriminatory acts. (*See id.* at 3, 4, 8.) And so, it does not appear amendment would be futile.[1]

---

[1] The Court notes any relief sought against the individual defendants pursuant to 42 U.S.C. § 1983 shall be limited to the appropriate remedies pursuant to *Ex parte Young*. *See Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1181 (9th Cir. 2012) (The *Ex parte Young* "doctrine permits actions for prospective non-monetary relief against state . . . officials in their official capacity to enjoin them from violating federal law, without the presence of the immune State . . . ." (citing *Ex parte Young*, 209 U.S. 123 (1908)).

In addition, as a matter of judicial economy it is prudent at this stage to grant Plaintiff leave to amend rather than require a separate motion or require Plaintiff to file a separate lawsuit that would then likely be consolidated with the present matter.  Plaintiff is cautioned, however, that any future request for leave to amend may not be viewed favorably considering Plaintiff has previously amended its complaint.

Accordingly, the Court GRANTS DCYF's partial motion to dismiss (Dkt. No. 8), and GRANTS Plaintiff leave to file an amended complaint.  Leave to amend is limited to Plaintiff's request to add a § 1983 claim against certain DCYF employees in their individual and official capacities.  Plaintiff shall file its amended complaint no later than July 19, 2025.

Dated this 9th day of July, 2025.

David G. Estudillo
United States District Judge